UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON HILGENDORF,

    Plaintiff,                                                 Civil No. 2:10-CV-14477-DT
                                                         HONORABLE LAWRENCE P. ZATKOFF
v.                                                      UNITED STATES DISTRICT JUDGE

JESSICA B. LESKI,

    Defendant,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

       The Court has before it Plaintiff Aaron Hilgendorf's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is a state prisoner currently confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan. Having reviewed plaintiff's complaint, the Court dismisses it with prejudice for failing to state a claim upon which relief can be granted.

**I. Standard of Review**

       Plaintiff has been allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

       A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal

1

is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

## II. Complaint

Plaintiff alleges that he is being denied medical treatment at the West Shoreline Correctional Facility for some unspecified condition with his legs. Plaintiff claims that the defendant, a probation officer, told the judge at plaintiff's sentence that he would receive the same treatment for his wounded legs in prison that he would receive in the community. Plaintiff claims that the probation officer's representations were false, because he is not receiving medical treatment in prison for his legs. Plaintiff seeks monetary damages and a transfer to a prison where he will receive proper medical care.

## III. Discussion

The complaint is subject to dismissal because plaintiff has failed to allege any facts which show that the defendant was personally involved in denying him medical treatment while he has been incarcerated at the West Shoreline Correctional Facility.

In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983; some factual basis for such claims must be set forth in the pleadings. *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996); *See also Johnson v. Freeburn*, 29 F. Supp. 2d 764, 767 (E.D. Mich. 1998). A complaint must allege that the defendant was personally involved in the alleged deprivation of federal rights. *See Hall v. United States*, 704 F. 2d 246, 251 (6th Cir. 1983). Plaintiff's complaint is subject to dismissal because he has failed to allege or show that the defendant had any personal involvement in his medical treatment or that she was aware that prison officials had failed to provide

2

medical care to plaintiff during his incarceration. *See Tate v. Lowery,* 73 Fed. Appx. 866, 868 (6th Cir. 2003).

### IV.  ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B). Based on the preceding order, this Court certifies that any appeal by Plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Davis v. Michigan Department of Corrections*, 746 F. Supp. 662, 667 (E.D. Mich. 1990).

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated:  December 20, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 20, 2010.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290